### Case No. 7,085.

IRWIN et al. v. McROBERTS et al.

[4 Ban. & A. 411;[1] 16 O. G. 853.]

Circuit Court, N. D. Illinois. July 8, 1879.

Coburn & Thacher, for complainants.
E. S. Jenney, for defendants.

BLODGETT, District Judge. I am very much impressed with a conviction that the defendants' lantern infringes the claim of the complainants' patents as they are reissued. I do not see, necessarily, any infringement of the complainants' original patent, because the patentee did not so broadly claim this bell or deflector, which is one of the important features of the complainants' lantern, in his original patent, as in the reissue. It seems to me that the defendants' device around the top of the lantern and below the chimney, by which the air is protected and directed into position, so that it may be drawn without interference from outside currents into the pipes or tubes, is substantially a use of the original bell that was adopted by Mr. Irwin, and especially that it would be an infringement on Irwin's patent of 1870 [No. 99,443]. if that patent is a valid patent. Now, it may be that the Irwin patent of 1870, which to my mind is substantially the

defendants' present lantern, would stand on a little different ground. It would at least require a more technical construction to sustain it than did the Irwin tubular lantern proper, because, as was said in the case of the Irwin patent when it was before this court some three years ago,[2] tubes are older than at the time when Mr. Irwin entered the field, and it is possible, when you take the Cochrane device, and the Crichfield device, and the several others which have been referred to in the proofs, in which tubes were used, that you might find in these some suggestion of the Irwin device of 1870. But, certainly, if the Irwin patent of 1870 is valid, I should have no doubt that the defendants' lantern is an infringement on the Irwin patent. There is also a great deal of force in the argument made by the defendants' counsel, that a lantern under the patent of 1870 has never been put on the market as an operative lantern for sale, nor has it passed through the ordeal of litigation or its validity been accepted by the public.

With regard to the broader claims in the other patents of Mr. Irwin, under his reissues, they are to be treated as new patents. They have never, as yet, been accepted by the public in the broad sense in which he now asserts them, nor confirmed or sustained by the courts.

There being litigation now pending, involving, necessarily, the questions involved in this case in another district, and in the district where the manufacturer of this lantern resides, it seems to me that is the better place for the litigation to proceed. I will, however, give the complainant an injunction here, unless the defendant shall enter into a bond in the penal sum of $10,000, conditional for the payment of all damages which the plaintiff may ultimately recover in the case, because that being a case against the original manufacturers, and the original manufacturer having really come here and made himself dominus litis, I think it would be right to condition the bond in that way; or it may be made the other way—a bond may be made to cover such damages as shall be awarded him in this suit.

I have on several occasions expressed myself as indisposed to favor this kind of litigation—that is, suits brought against the mere vendors of patented goods, instead of the manufacturers. I know patentees are much troubled with piracies upon their inventions, and that the law makes the seller liable, as well as the maker of infringing goods. But I think the initial litigation, for the purpose of asserting and sustaining the validity of a patent, should be between the patentee and infringing manufacturers. After a patent has been judicially sustained in such a suit, then the patentee should have the full aid of the courts to suppress sales of infringing goods.

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

[2] [See Irwin v. Dane, Case No. 7,082.]

The defendant here, is only an agent, receiving goods on consignment, or on commission, or purchasing in the market, it is not disclosed exactly which, and the complainant in this case claims that his patent covers those goods. The manufacturer of those goods, at the time they were made, may not have had that kind of legal notice which a man ought to have to make him liable as an infringer, because non constat they may not have been made before this reissue. At the time the Rochester company commenced the manufacture of this lantern the plaintiffs' patent was not as broad as it now is under the reissue. The courts may sustain these new claims as broadly as they are now made; but it is not for the court to intimate whether it will or not. That should be left an entirely open question until the court comes to the hearing, either in this or the other district. But the patent office has allowed the patentee to surrender his patent and take the reissue and take these broad claims. That, prima facie, gives the complainant a standing in this court to charge that defendants' lanterns infringe, yet it may appear in the proof that they did not infringe at the time they were actually made and put upon the market, because the patent at that time may not have been so broad as to cover defendants' special device. I think, therefore, while the court has it in its power to allow the defendants to give a bond to protect the rights of the complainants, it is safer to err in that direction than to tie up the defendants by an injunction.

I congratulate myself to some extent upon the fact that these patents are now pending before the circuit court of the Northern district of New York, where, I presume, they will be tried before Judge Blatchford, who stands pre-eminent as an expounder of patent law in this country, and I hope they will be so presented to him that the full merits will be understood and passed upon.

I may be in error about this. I do not feel as clear as I did in reference to the Dane and Westlake Case.[3] I think there are more and new questions to be considered. It is a more difficult question to determine whether Irwin's patent will prevent the defendants from using those open pipes or tubes, even protected as they are, than it was to pass upon the questions raised in the Dane and Westlake Case. The court had better err on the safe side of a case like this, and either refuse the injunction wholly, or else refuse it conditionally. I, therefore, conclude that I will refuse it conditionally, that is, that the defendant shall enter into a bond in the penal sum of $10,000, for the payment of any damages that the complainants may recover. The defendant is only a vendor, and if an injunction was granted, the manufacturer,

who is the real defendant, might find another agent here, who would continue to offer their lanterns upon the market, unless restrained by a new suit. If any bond is given it will be given by the manufacturers for the purpose of securing this market for their goods, and they would have no interest in starting another agency, when they had given bond for the protection of this agent; therefore, I think it is more equitable to the rights of all parties, to raise a bond from defendant, than to issue the injunction. If these reissues are sustained, then complainants are safe under a bond. I will give the complainants leave to move at any time for an enlargement of the bond, so as to keep them at all times protected, as has often been done in other cases in this court.

---

[3] [See Irwin v. Dane, Cases Nos. 7,081, 7,082. Also Dane v. Chicago Manuf'g Co.. Id. 3,557; Dane v. Illinois Manuf'g Co., Id. 3,558.]